## BRADLEY SALT CO. v. NORFOLK IMPORTING & EXPORTING CO. OF VIRGINIA.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

### No. 346.

1. LIMITATIONS—EXTENSION OF TIME FOR BRINGING SUIT—VIRGINIA STATUTE.
   Code Va. § 2934, as amended by Acts 1893-94, provides, among other things, that if in any action commenced within due time the plaintiff shall bring the wrong form of action, and judgment shall be rendered against him solely on that ground, "in every such case, notwithstanding the expiration of the time within which a new action must otherwise have been brought. the same may be brought within one year after such * * * judgment against the plaintiff, but not after: provided, however, that the time that any such action or suit first brought shall be pending in any appellate court shall not be included in the computation of said year." *Held,* that such year does not run from the judgment of the appellate court, but from that of the lower court, excluding from the computation the time during which the action was pending in the appellate court.

2. SAME—ACTION AGAINST CORPORATION—EFFECT OF DISSOLUTION.
   Code Va. § 1103, providing for the application and distribution of the property of corporations on dissolution, and for the continuance of the corporation for the purposes of suits, etc., contains nothing by reason of which the running of the statute of limitations in favor of a corporation is suspended on its dissolution and the distribution of its property as against an ordinary action at law brought to recover a judgment against it.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

This is an action in assumpsit instituted December 5, 1898. for the breach of a contract dated February 3, 1891, by which the defendant company agreed with the plaintiff company to receive from it during the year 1891, and pay for, a large quantity of salt, the plaintiff's cause of action having accrued on January 1, 1892. The defendant pleaded limitations. The Virginia statute of limitations requires such suits to be brought within five years after the cause of action accrues. This action was, therefore, clearly barred unless the plaintiff could bring itself within some exception to the running of the statute. The plaintiff sought to do this by its third replication, in which it averred that on April 24, 1895,—within five years next after the cause of action accrued,— it commenced in the court of law and chancery of the city of Norfolk, Va., an action of covenant against the defendant on said agreement to recover the same damages for the breach thereof for which this action was brought, and that on December 7, 1897, judgment was given against it in said action in the

supreme court of appeals of Virginia, solely upon the ground that it had proceeded in the wrong form of action, and that this present action was brought within one year after such judgment. To this, plaintiff's third replication, defendant demurred. For a further replication to the defendant's plea of the statute of limitations the plaintiff filed its fourth replication, averring that within five years next after the cause of action accrued, to wit, during the year 1896, the defendant corporation was dissolved, and its corporate rights and privileges ceased, and thereupon, pursuant to section 1103 of the Code of Virginia, all the property of the defendant and all debts due to it became subject to the payment of the said damages in the declaration mentioned. And the said plaintiff says that it thereupon became and was the duty of said defendant to apply its said property and debts due to it to the payment of the debts due by it, but the defendant did not so apply its property and assets, but distributed the same among the members prior to its dissolution. To this replication also the defendant demurred. To enable the court to dispose of the case upon the pleadings, the parties filed the following agreement of facts: "First. That it is true, as alleged in the declaration, that the contract declared on was to be performed during the year 1891. Second. That it is also true, as alleged in the declaration, that an action of covenant was brought on the 24th day of April, 1895, in the court of law and chancery for the city of Norfolk, on said contract, for the same damages as those claimed here; and that there was, on the 27th day of November, 1895, a judgment entered in said court against the plaintiff on the demurrer of the defendant upon the ground that he had brought the wrong form of action, to wit, an action of covenant instead of an action of assumpsit. Third. That on the 5th day of March, 1896, a writ of error to said judgment of the said court was allowed the plaintiff by one of the judges of the supreme court of appeals of Virginia. Fourth. That it is true, as alleged in the declaration, that on the 9th day of December, 1897, the said supreme court of appeals affirmed the said judgment of the said court of law and chancery for the city of Norfolk, rendered as aforesaid against the plaintiff on the said 27th day of November, 1895. And, fifth, that this action is for the same damages as aforesaid, and was brought on the 8th day of December, 1898." The trial court held that section 1103 of the Code of Virginia, relied upon in the plaintiff's fourth replication, and section 2934 of said Code as amended, relied upon in the third replication, did not take the case out of the operation of the general statute of limitations, and that the plea of the statute of limitations was good, and sustained the defendant's demurrer to the plaintiff's replications, and dismissed the suit. The plaintiff has brought the case here by writ of error.

James E. Heath, Jr. (Gilmor S. Kendall and James Heath, on the brief), for plaintiff in error.

William H. White, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge (after stating the facts as above). This case involves the construction of section 2934 of the Code of Virginia, as amended by Acts 1893–94, and as further amended in matters not affecting this case at the session of 1897–98, and which now reads as follows:

"Sec. 2934. Further Time Given; When Suit Abates, or is Defeated on Ground not Affecting the Right to Recover.—If an action, commenced within due time in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage; or if, in an action commenced within due time, judgment for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action for the same cause; or if there be occasion to bring a new suit by reason of the loss or destruction of any of the papers or records in a

former suit which was in due time, or if in any pending cause, or in any action or suit hereafter commenced within due time in any of the courts of this commonwealth, the plaintiffs proceed or have proceeded in the wrong forum, or bring the wrong form of action, or against the wrong defendant, and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or arrest, or reversal of judgment, or loss or destruction, or judgment against the plaintiff, but not after: provided, however, that the time that any such action or suit first brought shall be pending in any appellate court shall not be included in the computation of said year."

We are not aware that the points involved in the present case have been determined by any court of Virginia. The case in hand is one in which the judgment of the court of law and chancery of Norfolk city was rendered against the plaintiff solely upon the ground that it had brought the wrong form of action, to wit, an action of covenant, instead of an action of assumpsit, and section 2934 is applicable. By omitting the parts not pertinent to this case, the section may be condensed to read as follows:

"Or if in any pending cause or in any action or suit hereafter commenced within due time * * * the plaintiff * * * bring the wrong form of action, * * * and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such * * * judgment against the plaintiff, but not after: provided, however, that the time that any such action or suit first brought shall be pending in any appellate court shall not be included in the computation of said year."

The plaintiff's cause of action accrued January 1, 1892, and the five-years limitation expired January 1, 1897. The plaintiff began its action of covenant in the court of law and chancery of Norfolk April 24, 1895, and the judgment against the plaintiff was entered November 27, 1895. The plaintiff waited until March 6, 1896, before it, by writ of error, took the case to the supreme court of appeals of Virginia. That court, on December 9, 1897, affirmed the judgment of the lower court, and the plaintiff then waited until December 8, 1898, when it brought this suit. The plaintiff contends that the year allowed him by section 2934 in which to bring a new suit is one year from the date of the judgment against it in the appellate court, and that it brought this suit within one day of the expiration of the year. The defendant contends that the meaning of the section is that the plaintiff had one year after the judgment rendered against him in the lower court, not including in the computation of said year the time during which the action was pending in the court of appeals. The whole time from the date of the judgment against the plaintiff, November 27, 1895, to the date of entering the present suit, December 5, 1898, was three years and nine days, and the time the case first brought was pending in the appellate court was one year, nine months, and three days, so that, deducting that time, there remains one year, three months, and six days as the time which elapsed between the judgment against the plaintiff and the bringing of this suit. It seems to us that this method of computation precisely gratifies the words and meaning of the statutes. The statute provides as plainly as lan-

guage can express it that the plaintiff who loses his suit upon certain grounds not going to its merits can bring a new suit within one year, notwithstanding it would otherwise be barred by limitations; and it further provides that, if he chooses to test the judgment given against him by an appeal, the time during which the appeal may be pending in any appellate court shall not be included in the computation of the year. The language and intention of the statute is so plain that we can find no occasion for construction, and neither argument nor illustration can make it plainer.

The plaintiff's fourth replication averred that in 1896, which was within five years after the action accrued, the defendant corporation was dissolved, and that thereupon, under section 1103 of the Code of Virginia, it became the duty of the said corporation to apply its assets to the payment of its debts; but, instead of so doing, it distributed its assets among its shareholders. It is difficult to comprehend how, in an action at law against a corporation upon a contract, it can be a good reply to the statute of limitations to simply aver that the corporation had, during the running of the statute, been dissolved, and the assets distributed. The theory advanced by counsel for the plaintiff is that, upon the dissolution of the corporation, its assets became a trust fund for the payment of its liabilities, and the corporation a trustee for the purpose of distributing its assets and winding up its affairs. But this is not a suit based upon the plaintiff's right to participate in a trust fund. The plaintiff is not suing for the benefit of all the creditors. This is an ordinary common-law action against a corporation by which the plaintiff seeks to recover a judgment upon its own claim which accrued nearly seven years before the suit was brought. Section 1103 of the Virginia Code, as printed in plaintiff's brief, gives no new right of action or remedy. It simply provides that, when any corporation shall expire or be dissolved, all its works and property, and debts due to it, shall be subject to the payment of debts due by it, and then to distribution among its members, and such corporation may sue and be sued as before, for the purpose of collecting debts due to it, prosecuting rights under previous contracts with it, enforcing its liabilities, and distributing the proceeds of its works, property, and debts among those entitled. It makes provision for serving process upon such a corporation by publication. No provision is made with regard to the statute of limitations. There is, therefore, nothing in section 1103 which creates an exception to the statute of limitations when pleaded in a common-law suit such as this. We find no ground upon which plaintiff's contentions can be sustained. Judgment affirmed.